UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

STACEY BIGGE, et. al.,

    Plaintiffs,

-vs-                                            Case No. 5:11-cv-210-Oc-10TBS

DISTRICT SCHOOL BOARD OF CITRUS
COUNTY, FLORIDA,

    Defendant.
_____

## ORDER

Pending before the Court is Plaintiffs' Motion to Compel Initial Disclosure (Doc. 18) and Defendant District School Board of Citrus County's Response in Opposition to Plaintiffs' Motion to Compel (Doc. 19). For the following reasons, the motion is due to be GRANTED.

In their Complaint for Declaratory and Injunctive Relief (Doc. 1), the plaintiffs allege they are teenage girls who played on the Citrus High Girls' junior varsity soccer team in the Fall of 2008. The team coaches made sex based comments which contributed to a hostile team environment. When the plaintiffs and their parents complained, the defendant threatened to retaliate by throwing plaintiffs off the team. The result was that the plaintiffs were constructively dismissed and forced to quit the team. The defendant subsequently attempted to expel two of the plaintiffs in retaliation for complaints made by their father.

The defendant's initial disclosures include as witnesses, the members of the girls junior varsity and varsity soccer teams however, based upon the Family Education Rights Privacy Act ("FERPA"), 20 U.S.C. § 1232g, the defendant did not provide the

students' names or contact information. Pursuant to FERPA, the defendant contacted the students' families and gave them an opportunity to opt out of having their information disclosed to plaintiff. Out of 32 students, only one expressed a desire that her information be kept confidential. The defendant proceeded to give plaintiff the names and contact information for the 31 students and referenced the remaining student in a privilege log. This motion to compel seeks the remaining student's name and contact information.

At the outset, the Court shares the following thoughts with the parties. First, one would think the plaintiffs already know the names of all the girls they played with on their former team. Second, experience says all members of the junior varsity and varsity teams are identified in the school yearbook, in media guides and in game programs. Third, if the 31 students who have been identified are asked, the Court is unaware of any law that would prevent them from identifying the remaining member of the team. Fourth, it took the Court about one minute to find the names of the current junior varsity and varsity team members on the internet. The names of all team members during the Fall of 2008 may be available from an internet archive service. Fifth, with a student's name and the name of the high school they attended it probably would not be difficult to locate a good address. Nevertheless, plaintiffs are pursuing this information by motion to compel which is possibly the most expensive and time consuming way to get it.

Among other things, FERPA provides for the withholding of federal funds from educational institutions which have policies or engage in practices that result in the disclosure of students' educational records or personally identifiable information without

the written consent of their parents.  FERPA does not create a privilege which protects against the disclosure of student information, rather, it provides for the imposition of sanctions against an offending institution.  20 U.S.C. § 1232g(b)(1); Ragusa v. Malverne Union Free School District, 549 F. Supp.2d 288, 291-292 (E.D.N.Y. 2008). The institution is not subject to sanctions if disclosure is made pursuant to a court order. Id.  The parties have not informed the Court whether the defendant has a FERPA policy and if so, what it says although clearly, the defendant trying to avoid running afoul of the law.

FERPA is part of the General Education Provisions Act ("GEPA"), 20 U.S.C. § 1221.  GEPA states that "[n]othing in this chapter shall be construed to affect the applicability of . . . Title IX of the Education Amendments of 1972." 20 U.S.C. § 1221(d).  The U.S. Department of Education has interpreted this provision to mean that "if there is a direct conflict between the requirements of FERPA and the requirements of Title IX, such that enforcement of FERPA would interfere with the primary purpose of Title IX to eliminate sex-based discrimination in schools, the requirements of Title IX override any conflicting FERPA provisions."  U.S. Department of Education Revised Sexual Harassment Guidance at vii (2001).  The Court respects the Department's interpretation.  North Haven Bd. of Ed. v. Bell, 456 U.S. 512, Fn. 12, 102 S.Ct. 1912, 72 L.Ed.2d 299 (1982)("In construing a statute, this Court normally accords great deference to the interpretation, particularly when it is longstanding, of the agency charged with the statute's administration" (citation omitted)).  The plaintiffs argue, and the Court agrees, that the failure to disclose this or any other fact witness' name and contact information could affect the plaintiffs' ability to prosecute their Title IX claim (or

the defendant's ability to defend the claim).

This however, does not end the analysis. While FERPA does not establish a privilege against disclosure, the student who asked that her information not be given to the plaintiffs has a legitimate privacy interest that cannot be ignored. The Court must balance the student's privacy interest against the plaintiffs' need for the information and order disclosure only if the plaintiffs' need for the information outweighs the student's privacy interest. Davids v. Cedar Falls Community Schools, 1998 WL 34112767 (N.D. Iowa). This is a "significantly heavier burden . . . than exists with respect to discovery of other kinds of information, such as business records." Rios v. Read, 73 F.R.D. 589, 598 (E.D.N.Y. 1977). The plaintiffs must "demonstrate a genuine need for the information that outweighs the privacy interests of the students." Id. at 599.

"Relevance" under Rule 26 "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). In this case, the testimony of the 32nd student is relevant regardless of whether she heard the coaches make sex based comments or experienced a hostile team environment. No explanation has been provided as to why she does not want her name and contact information disclosed (and she is certainly not obliged to give an explanation). Still, the Court makes its decision based upon the record in front of it and under these circumstances, the need for the student's testimony outweighs her concern that her name and contact information be kept confidential.

In reaching this decision the Court reiterates that the 32nd student's name likely is

not in the exclusive control of the defendant. And, the Court notes that the information the plaintiffs seek is limited to the student's name and contact information, no request has been made for her grades, test scores, evaluations, conduct reports, health records or any other information.

Now, the defendant is ORDERED to provide to plaintiffs' counsel, the name and contact information for the 32nd student within 10 days from the rendition of this order.

DONE and ORDERED in Ocala, Florida on this 28th day of November, 2011.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel